UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SHAWN STRICKLAND,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:18-CV-865
(Criminal Case No. 1:17-CR-112)

HON. GORDON J. QUIST

## **OPINION**

    Movant, Shawn Strickland, has filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, seeking relief from his conviction by plea to possession with intent to distribute an unspecified quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), resulting in a sentence of 78 months' imprisonment and three years of supervised release. Strickland claims that he is entitled to relief because his counsel was ineffective. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, upon receiving a § 2255 Motion, the judge who imposed the sentence must "promptly examine" the motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Having conducted the review required by Rule 4(b), the Court will dismiss the motion because it is without merit.

On or about May 16, 2017, Strickland was charged in a three-count Indictment with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 1), felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 921(a), and 924(a)(2) (Count 2), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Criminal Case No. 1:17-CR-112 (hereafter CC), ECF No. 1.) On July 12, 2017, Strickland pled guilty to Counts 1 and 3 of the Indictment pursuant to a written plea agreement. (CC, ECF Nos. 19–21.) Pursuant to the plea agreement, in exchange for Strickland's agreement to plead guilty to Counts 1 and 3, the Government agreed to dismiss Count 2 of the Indictment. (ECF No. 19 at PageID.37.) The Government also agreed not to oppose Strickland's request for a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and to move for an additional one-level reduction pursuant to § 3E1.1(b) if the adjusted offense level was 16 or greater. (*Id.* at 38–39.) Moreover, the plea agreement set out the elements of both offenses and the factual basis for the plea, including, with respect to the § 924(c)(1)(A)(i) charge, that Strickland possessed a loaded Smith & Wesson M & P .40 caliber semiautomatic pistol "in furtherance of his drug trafficking, specifically to protect himself and the cocaine." (*Id.* at PageID.37.)

At the change of plea hearing held on October 19, 2017, the Government, at Magistrate Judge Kent's request, offered a summary of the facts the Government would present at trial on Counts 1 and 3:

> To wit, on March 2, 2017, the defendant possessed approximately 48 grams of cocaine that was in a bag in a hotel room in Holland. He intended to distribute those controlled substances. And at the same time in the same bag he possessed a loaded Smith & Wesson 40-caliber semiautomatic pistol which he possessed to protect himself and the drugs during his drug-trafficking activities.

(CC, ECF No. 26 at PageID.83–84.) Magistrate Judge Kent then engaged in the following exchange with Strickland:

> THE COURT: All right. Thank you, Ms. Berens. Mr. Strickland, did you hear Ms. Berens' description of the evidence the government would offer if you went to trial?
>
> THE DEFENDANT: Yes, I did, Your Honor.
>
> THE COURT: Do you agree that the government would be able to produce the evidence she described?
>
> THE DEFENDANT: Yes, I do, Your Honor.
>
> THE COURT: Do you agree that the evidence would be sufficient to convict you?
>
> THE DEFENDANT: Yes, I do, Your Honor.

(*Id.* at PageID.84.) Following additional questions, Magistrate Judge Kent found that Strickland's plea was knowing and voluntary, free from any force, threats, or promises, other than those the Government made in the written plea agreement, and recommended that the undersigned accept the plea agreement. (*Id.* at PageID.96–97.)

On December 7, 2017, the Court held a sentencing hearing, at which it accepted the plea agreement and imposed a sentence of 18 months on Count 1 and 60 months on Count 3, to be served consecutively, plus a term of 3 years of supervised release. (ECF Nos. 31, 32.) Strickland did not appeal the Judgment.

Pursuant to 28 U.S.C. § 2255(a), a prisoner in the custody of the United States may seek collateral relief from a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A "[s]ection 2255 is not a substitute for a direct appeal,

and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982)). However, ineffective assistance of counsel claims are generally not reviewable on direct appeal, but instead must be raised in a motion under § 2255. *United States v. Quinlan*, 473 F.3d 273, 280 (6th Cir. 2007) (citing *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003)). Strickland claims that his counsel, Mr. Beason, was ineffective for allowing Strickland to plead guilty to the § 924(c) charge in Count 3. Strickland concedes that attorney Beason was not ineffective regarding the drug charge in Count 1.

Ineffective assistance of counsel claims are analyzed under the well-known two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Under the first prong, the defendant must show that counsel's performance was "deficient." That is, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S. Ct. at 2064. The second prong requires the defendant to show that counsel's deficient performance prejudiced his defense—"that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* In considering counsel's performance, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689, 104 S. Ct. at 2065 (internal quotation marks omitted). A court must endeavor to avoid "the distorting effects of hindsight." *Id.* To demonstrate prejudice in the context of a guilty plea, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). If a defendant's ineffective assistance claim fails on one prong, the court need not consider the second prong. *United States v. Busch*, 411 F. App'x 872, 875–76 (6th Cir. 2011).

Strickland argues that his counsel should not have allowed him to plead guilty to a charge that was unsupported by facts. As the Court understands it, Strickland argues that his counsel should have known that there was no factual basis for the plea as to Count 3 because Strickland did not possess the gun in furtherance of a drug-trafficking offense, but instead, "the drugs were found in relation to a firearm possession, a contrary and opposing concept that should nullify that Count's conviction." (ECF No. 2 at pageID.12.) Strickland's argument is frivolous and plain nonsense. Strickland admitted, both in the plea agreement and at the plea hearing, that he possessed the gun in furtherance of his drug-trafficking activities in order to protect himself and the drugs he was selling. Strickland even concedes in his memorandum in support of his § 2255 Motion that he "probably would have sold some of [the cocaine] if it had not been found in the search for the gun." (*Id.* at PageID.14.) Attorney Beason was not ineffective for failing to assert Strickland's specious argument that Strickland possessed the drugs in connection with a gun offense, rather than the other way around. In fact, given the greater sentence Strickland almost certainly would have received on the felon-in-possession charge in Count 2 had the case gone to trial, attorney Beason would have been ineffective had he adopted Strickland's baseless argument and advised him not to accept the plea deal. In this regard, Strickland's "self-serving statement that he would not have pleaded guilty does not satisfy the 'reasonable probability' test." *Handy v. United States*, No. 96-2594, 1998 WL 152928, at *3 (6th Cir. Mar. 24, 1998); *see also Maiyo v. United States*, 576 F. App'x 567, 571 (6th Cir. 2014) (concluding that the

petitioner failed to establish prejudice because the evidence was "irrefutable" and conviction was certain).

Having concluded that Strickland is not entitled to relief, the Court must consider whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if Strickland has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has considered Strickland's claim under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Strickland's claim was debatable or wrong. Therefore, the Court will deny Strickland a certificate of appealability.

In sum, the Court will dismiss Strickland's § 2255 Motion and deny him a certificate of appealability

A separate order will issue.


Dated: September 4, 2018       /s/ Gordon J. Quist
                               GORDON J. QUIST
                               UNITED STATES DISTRICT JUDGE